IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **DEREK JARVIS,** | * | |
| Plaintiff, | * | |
| v. | * | Case No.: DLB-21-687 |
| **WELLS FARGO BANK, N.A.,** | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

Derek Jarvis, who is proceeding without counsel, filed a race discrimination suit against Wells Fargo Bank, N.A. ("Wells Fargo") in the Circuit Court for Prince George's County, Maryland. ECF 5. Wells Fargo removed the case to this Court. ECF 1. Pending are Mr. Jarvis's motion to remand, ECF 7, Wells Fargo's motion to dismiss, ECF 8, and Mr. Jarvis's motion to stay, ECF 11. A hearing is not necessary. *See* Loc. R. 105.6. Because this Court has subject matter jurisdiction, Mr. Jarvis's motion to remand is denied, and he shall respond to Wells Fargo's motion. Mr. Jarvis's motion to stay the case until resolution of the motion to remand is denied as moot.

On October 30, 2020, Mr. Jarvis, a citizen of Maryland, initiated this litigation in state court, alleging violations of Maryland statutes and common law. ECF 5. He claims Wells Fargo discriminated against him based on race when it refused to allow him to open an account. *Id.* On February 18, 2021, he served Wells Fargo with process. ECF 1, 1-3.

On March 18, 2021, Wells Fargo removed the case to this Court based on diversity jurisdiction. ECF 1. Wells Fargo asserts that, for purposes of diversity jurisdiction, it is only a

citizen of South Dakota, where its main office is located, and not a citizen of Maryland, where it has branch offices. *Id.*

On March 24, 2021, Mr. Jarvis moved to remand this case to state court. ECF 7. He insists Wells Fargo is a citizen of Maryland and therefore there is no diversity of citizenship giving rise to subject matter jurisdiction. The same day, Wells Fargo filed a motion to dismiss the complaint for failure to state a claim. ECF 8. Instead of responding to the motion to dismiss, plaintiff filed a motion to stay the case until the Court resolved the motion to remand. ECF 11. The motion to remand has been fully briefed. ECF 5, 12, 14.

Federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States" and "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ." 28 U.S.C. §§ 1331, 1332(a)(1). When a plaintiff files such an action in state court, the case "may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). If the plaintiff believes the Court lacks subject matter jurisdiction, the plaintiff may move to remand the case to state court. 28 U.S.C. § 1447(c). The defendant bears the burden of showing the Court has jurisdiction over the removed action. *See Mulcahey v. Columbia Organic Chemicals Co.*, 29 F.3d 148, 151 (4th Cir. 1994) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92 (1921)). The Court "strictly construe[s] removal jurisdiction" and must remand the case "[i]f federal jurisdiction is doubtful." *Id.*; *see Elliott v. Am. States Ins. Co.*, 883 F.3d 384, 390 (4th Cir. 2018).

Here, the issue is whether the Court has subject matter jurisdiction based on diversity of citizenship. It is undisputed that the amount in controversy exceeds $75,000 and that Mr. Jarvis is

a citizen of Maryland. ECF 5, at 1, 4, 9; ECF 12, at 1, 2, 3. The parties dispute whether Wells Fargo also is a citizen of Maryland. ECF 7, at 1; ECF 12, at 4.[1]

For purposes of determining diversity jurisdiction, national banks such as Wells Fargo are "deemed citizens of the States in which they are respectively located." 28 U.S.C. § 1348. Construing this statutory language, the Supreme Court has held that "a national bank, for § 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles of association, is located." *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006). Wells Fargo's main office is located in South Dakota. ECF 12, at 4; ECF 14, at 3. The bank, therefore, is a citizen of South Dakota, not Maryland. *See Wachovia Bank*, 546 U.S. at 307; *Thomas v. Sack*, No. ELH-18-1839, 2019 WL 1099071, at *5 (D. Md. Mar. 7, 2019) ("Wells Fargo is a citizen of South Dakota for purposes of diversity jurisdiction."); *Yacoubou v. Wells Fargo Bank, N.A.*, 901 F. Supp. 2d 623, 626 n.2 (D. Md. Sept. 28, 2012) ("Wells Fargo is a national banking association that, for jurisdictional purposes, is a citizen of South Dakota, the state where its main office is located."). Because the parties are diverse citizens and the amount in controversy exceeds $75,000, this Court has subject matter jurisdiction.[2] *See* 28 U.S.C. § 1332(a). Mr. Jarvis's motion to remand for lack of subject matter jurisdiction is denied.

---

[1] It is undisputed that Mr. Jarvis's state law claims do not give rise to federal question jurisdiction. ECF 7, at 1; ECF 12, at 2.

[2] Mr. Jarvis cites *Wells Fargo Bank, N.A. v. Cortez* as an example of a case remanded to state court for lack of subject matter jurisdiction. No. 16-00349 JMS-KSC, 2016 WL 6542878, at *1 (D. Haw. Oct. 14, 2016), *report & recommendation adopted*, No. 16-349 JMS-KSC, 2016 WL 6542827 (D. Haw. Nov. 3, 2016). That case is not on point. The court remanded the case to state court because there was no federal question jurisdiction and Wells Fargo's removal was untimely. Diversity jurisdiction was not at issue.

## ORDER

For the reasons stated in this memorandum opinion and order, it is, this 15th day of September, 2021, hereby ORDERED that

1. Mr. Jarvis's motion to remand, ECF 7, is DENIED;

2. Mr. Jarvis's motion to stay the case pending resolution of the motion to remand, ECF 11, is DENIED as moot;

3. By October 8, 2021, Mr. Jarvis shall file either an amended complaint to address the deficiencies alleged in Wells Fargo's motion to dismiss, or an opposition to the motion to dismiss; and

4. If Mr. Jarvis timely files an amended complaint, Wells Fargo's response is due 21 days after the filing, and if Mr. Jarvis timely files an opposition to the motion to dismiss, Wells Fargo's reply is due 14 days later.

/S/
Deborah L. Boardman
United States District Judge