IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **DEREK JARVIS,** | * | |
| Plaintiff, | * | |
| v. | * | Case No.: DLB-21-687 |
| **WELLS FARGO BANK, N.A.,** | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

On September 15, 2021, the Court denied plaintiff Derek Jarvis's motion to remand this action to state court and directed him to file either an amended complaint to address the deficiencies alleged in the motion to dismiss filed by defendant Wells Fargo Bank, N.A. ("Wells Fargo"), ECF 8, or an opposition to the motion. ECF 15. Mr. Jarvis filed a motion to certify the September 15, 2021 order for interlocutory appeal, ECF 16, as well as an amended complaint, ECF 18. Wells Fargo opposed Mr. Jarvis's motion, ECF 17, and filed a motion to dismiss his amended complaint, ECF 20. Mr. Jarvis filed a reply in support of his motion to certify. ECF 19. A hearing is not necessary. *See* Loc. R. 105.6. In light of these filings, Wells Fargo's motion to dismiss Mr. Jarvis's original complaint is denied as moot. In addition, Mr. Jarvis's motion to certify for interlocutory appeal is denied because the September 15, 2021 order does not involve a "controlling question of law as to which there is a substantial ground for difference of opinion" whose resolution would "materially advance the ultimate termination of the litigation." *See* 28 U.S.C. § 1292(b). Mr. Jarvis shall file a response to Wells Fargo's motion to dismiss the amended complaint.

**I.     Background**

Mr. Jarvis, who is proceeding without counsel, filed suit against Wells Fargo in the Circuit Court for Prince George's County, Maryland, alleging race discrimination in violation of Maryland statutes and common law. ECF 5. Wells Fargo removed the case to this Court based on diversity jurisdiction, ECF 1, and Mr. Jarvis moved to remand, ECF 7. He argued that there was no diversity jurisdiction because Wells Fargo has branch offices in Maryland and is therefore a citizen of Maryland like he is. The Court found that Wells Fargo is a citizen of South Dakota, where its main office is located, because "a national bank, for [28 U.S.C.] § 1348 purposes [of determining jurisdiction], is a citizen of the State in which its main office, as set forth in its articles of association, is located." ECF 15 (quoting *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006)). The Court concluded that it had subject matter jurisdiction because the parties are diverse citizens and the amount in controversy exceeds $75,000. *Id.* The Court denied Mr. Jarvis's motion to remand. *Id.* Mr. Jarvis filed a motion for interlocutory appeal of the denial.

**II.    Standard of Review**

"[I]nterlocutory appeal is an exception to the general rule that appellate review must await final judgment." *Nutraceutical Corp. v. Lambert*, 139 S. Ct. 710, 716 (2019); *see* 28 U.S.C. § 1291 (the federal courts of appeals "have jurisdiction of appeals from all *final* decisions of the district courts of the United States" (emphasis added)). Pursuant to 28 U.S.C. § 1292(b), a district court may

> certify an otherwise non-appealable interlocutory order for immediate appellate review if two criteria are satisfied. First, the court must certify that the interlocutory order involves a "controlling question of law as to which there is substantial ground for difference of opinion." Second, the court must also certify that "an immediate appeal from the order may materially advance the ultimate termination of the litigation."

*Keena v. Groupon, Inc.*, 886 F.3d 360, 362–63 (4th Cir. 2018) (quoting 28 U.S.C. § 1292(b)).

This Court's authorization to certify an order for interlocutory appeal "should be used sparingly and thus . . . its requirements must be strictly construed." *United States ex rel. Michaels v. Agape Senior Cmty., Inc.*, 848 F.3d 330, 340 (4th Cir. 2017) (quoting *Myles v. Laffitte*, 881 F.2d 125, 127 (4th Cir. 1989)). Accordingly, the order must "present[] 'a pure question of law,' i.e., 'an abstract legal issue that the court of appeals can decide quickly and cleanly.'" *Id.* (quoting *Mamani v. Berzain*, 825 F.3d 1304, 1312 (11th Cir. 2016) (internal quotation marks omitted)). A question of law is "controlling" if a reversal on interlocutory appeal "might save time for the district court, and time and expense for the litigants." *Feinberg v. T. Rowe Price Grp., Inc.*, No. JKB-17-427, 2021 WL 2784614, at *2 (D. Md. July 2, 2021) (quoting *Coal. for Equity & Excellence in Md. Higher Educ. v. Md. Higher Educ. Comm'n*, No. CCB-06-2773, 2015 WL 4040425, at *4 (D. Md. June 29, 2015)). In contrast, "[a] question of law is not controlling if litigation will necessarily continue regardless of how that question [is] decided." *Id.* (quoting *LaFleur v. Dollar Tree Stores, Inc.*, Civ. No. RAJ-12-0363, 2014 WL 2121721, at *2 (E.D. Va. May 20, 2014) (alteration in original)).

**III.   Discussion**

Mr. Jarvis asks the Court to certify the September 15, 2021 order for interlocutory appeal because "a substantial ground for difference of opinion exists" as to whether the Court should have considered the location of Wells Fargo's main office to determine its citizenship. ECF 16, at 1, 6. He argues that "[t]he overwhelming majority of judges" determining Wells Fargo's citizenship have "held that Wells [Fargo's] main office location is immaterial to it's [sic] citizenship" and that judges have considered the location of branch offices when determining citizenship. *Id.* at 8. He insists the Court must consider the location of Wells Fargo's principal place of business, which he contends is in California. *Id.* at 10; ECF 19, at 1. Mr. Jarvis's argument fails for three reasons.

First, that there is no "substantial ground for difference of opinion" regarding how courts should determine the citizenship of a national bank. In *Wachovia Bank v. Schmidt*, 546 U.S. 303 (2006), the Supreme Court held that, for purposes of determining jurisdiction, "a national bank . . . is a citizen of the State in which its main office, as set forth in its articles of association, is located." *Wachovia Bank*, 546 U.S. at 307. Mr. Jarvis contends that other courts have held that a national bank is a citizen of each state in which it has a branch office. ECF 16, at 8. However, the only case he offers in support of this contention, *Connecticut National Bank v. Iacono*, 785 F. Supp. 30 (D.R.I. 1992), preceded *Wachovia Bank*. Also, he miscites the Eighth Circuit's holding in *Wells Fargo Bank, N.A. v. WMR e-PIN LLC*, 653 F.3d 702 (8th Cir. 2011), claiming the case stands for the proposition that "a 'national banking association's main office, does not give rise to citizenship, for purposes of jurisdictional analysis.'" ECF 16, at 8 (quoting *WMR e-PIN*). *WMR e-PIN* does not stand for that proposition. In that case, one appellant was a citizen of California, and it sought to defeat diversity jurisdiction based on its contention that Wells Fargo was not only a citizen of South Dakota, where its main office was located, but also was a citizen of California, where its principal place of business was located. *WMR e-PIN*, 653 F.3d at 705. The Eighth Circuit "reject[ed] appellants' claim that Wells Fargo is a citizen of both South Dakota and California and conclude[d] that the district court did not err in determining that it had subject-matter jurisdiction." *Id.* at 710. It held that, "pursuant to § 1348, a national bank is a citizen *only* of the state in which its main office is located." *Id.* at 709 (emphasis added).

Mr. Jarvis cites no case law to support his assertion that a national bank is a citizen of the state where its principal place of business is located. ECF 16, at 10; ECF 19, at 1. Insofar as "the Supreme Court left open the question of whether a national bank is also a citizen of the state of its principal place of business," the federal appellate courts that have considered the question

4

consistently have "held that a national bank is a citizen only of the state listed in its articles of association as its main office." *OneWest Bank, N.A. v. Melina*, 827 F.3d 214, 218–19 (2d Cir. 2016) (citing *Wachovia Bank*, 546 U.S. at 315 n.8; *Rouse v. Wachovia Mortg., FSB*, 747 F.3d 707, 708 (9th Cir. 2014); *Tu Nguyen v. Bank of Am., N.A.*, 516 F. App'x 332, 334 n.1 (5th Cir. 2013); *WMR e-PIN*, 653 F.3d at 706–10; *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006); noting other circuits have relied on main office of national bank for its citizenship without considering relevance of its principal place of business) (footnote omitted)). Thus, even if there might be an unanswered question of law regarding whether a national bank is also a citizen of the state of its principal place of business, there is no "substantial ground for difference of opinion" as to the answer. 28 U.S.C. § 1292(b).

Second, whether Wells Fargo's principal place of business bears on its citizenship is not a "controlling" question of law whose resolution would "materially advance the ultimate termination of the litigation." *See id.* Even if Wells Fargo were a citizen of California, Mr. Jarvis is not; he is a citizen of Maryland. Because Wells Fargo would not be a citizen of Maryland even under Mr. Jarvis's interpretation of the law, the parties still would be citizens of different states and the Court would have diversity jurisdiction over the claims. *See* 28 U.S.C. § 1332(a). Under these circumstances, an interlocutory appeal would not save time for the Court or time and expense for the litigants. On the contrary, an appeal would waste resources and unnecessarily delay the resolution of this case.

Third, Mr. Jarvis amended his complaint to assert his claims under federal law. ECF 18. Consequently, this Court now has federal question and diversity jurisdiction. *See Cades v. H & R Block, Inc.*, 43 F.3d 869, 873 (4th Cir. 1994) (noting "an initial lack of the right to removal may be cured when the final posture of the case does not wrongfully extend federal jurisdiction").

In sum, the September 15, 2021 order does not involve a "controlling question of law," there is no "substantial ground for difference of opinion" as to how a court determines a national bank's citizenship, and resolution of the question would not "advance the ultimate termination of the litigation." *See* 28 U.S.C. § 1292(b). Therefore, the Court will not certify for interlocutory appeal its order denying Mr. Jarvis's remand motion.

## ORDER

For the reasons stated in this memorandum opinion and order, it is, this 9th day of November, 2021, hereby ORDERED that

1. Wells Fargo's motion to dismiss Mr. Jarvis's original complaint, ECF 8, is denied as moot;

2. Mr. Jarvis's motion for certification of the Court's September 15, 2021 order for interlocutory appeal, ECF 16, is DENIED;

3. By December 3, 2021, Mr. Jarvis shall file a response to Wells Fargo's motion to dismiss his amended complaint, ECF 20; and

4. Wells Fargo's reply is due 14 days later.

/S/
Deborah L. Boardman
United States District Judge