Derek N. Jarvis,
    Plaintiff

vs.

Wells Fargo Bank, N.A.,
    Defendant

§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§

IN THE UNITED STATES

DISTRICT COURT

FOR THE DISTRICT

OF MARYLAND (BALTIMORE)

Civil Case No.: 8:2021-CV-00687

PLAINTIFF'S RESPONSE IN

OPPOSITION TO MOTION/DISMISS

## PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AFFIDAVIT& MEMORANDUM OF POINTS & AUTHORITIES

Plaintiff Derek Jarvis, pro se, in this matter, respectfully, submits this Memorandum of points and authorities in opposition to Defendant 'Wells Fargo Bank, N.A., herein known as 'Wells Fargo', and their Motion to Dismiss, which is premature at this stage of the action.

### INTRODUCTION

In Wells Fargo's baseless motion to dismiss, they fail to refute any of the Plaintiff's allegations in complaint or material facts, that Plaintiff Jarvis was denied services, and as many defendants do in race based claims, utilize deception while applying ' black codes', and 'Jim Crow' standards to gain favor of the Court to dismiss cases, while ignoring race discrimination in the Complaint, which many Federal Courts do as well.  Wells Fargo's Motion to dismiss, is an exercise in exaggeration, distortion, and glaring omission. Accordingly, Plaintiff urges the court to deny defendants frivolous motion as it's fabricated and baseless, and provide Plaintiff the opportunity to develop his claims through discovery.

WELLS FARGO'S LONG HISTORY OF RACIAL BIAS & RACE DISCRIMINATION

While Wells Fargo dismisses the fact that institutional and structural racism is pervasive in America, beginning with slavery, Jim Crow, Reconstruction, black codes, and now systemic race discrimination, where so called Black Americans have no access to wealth as a result of never being compensated for slave labor and involuntary servitude, which has lead to de facto slavery.

Wells Fargo has a long history of discrimination against Black Americans, which is rooted in the slave trade, as Wells Fargo, was heavily involved in slavery and the slave trade. Wells Fargo has had to settle literally thousands of lawsuits as a result of their constant discrimination against Black America which is demonstrated in the cases below.

1) In 2020, Wells Fargo, had to settle a case for $175 million dollars to resolve allegations that it charged Black Americans higher rates and fees on mortgages than whites which is a pattern.

2) Wells Fargo agreed to pay7.8 million dollars in back wages to resolve allegations of hiring discrimination when Wells Fargo, discriminated against 35,000 Black Americans in Dallas Texas.

3) In Detroit, Michigan, the EEOC sues Wells Fargo for subjecting Black Americans to discriminatory practices, which has occurred all over the nation.

4) In 2017, Wells Fargo was sued and paid out 35 million dollars to settle race discrimination claims in Chicago, Illinois.

2

5) In 2018, Wells Fargo, was accused of preying on Black home buyers in California, where they  settled a case there.

6) In 2017, again Wells Fargo paid out 10 million dollars in Philadelphia, to resolve lawsuits for lending discrimination against Black Americans.

7) In 2020, again Wells Fargo was sued by customers for racial discrimination, after Wells Fargo, refused to cash check by a Black customer.

8) In August 2020, Wells Fargo's Vice President, who happened to be Black, sues Wells  Fargo for racial bias.

9) In 2018, a Black woman sues Wells Fargo for refusing to cash check.

10) In September 2020, a Black Man sues Wells Fargo for denying service, by refusing to open bank account, similar case to Plaintiff here.

11) In 2018, again, Wells Fargo discriminates against Black woman for accusing her of forgery after she tried to cash a check.


As demonstrated here, Wells Fargo should be the last bank on earth to discuss or address race discrimination, as Wells has a pattern and pratice of discriminating against Black Americans for years.  Wells Fargo, has a history of race discrimination against Black Americans and it is not 'perceived' as Wells states in it's baseless and erroneous fabricated motion.

3

Statements and exhibits of Plaintiff's past cases in Defendants vexatious and frivolous motion to dismiss, should not be considered by this Court, and should be strickened for for obvious reasons, which was discussed earlier in pleading.

As a general matter, a District Court ruling on a motion to dismiss may not consider matters extraneous to the pleadings or outside the adversarial issues of complaint. In re Burlington Coat Factory, Sec. Litig., 114 F.3d 1410, 1426 (3rd Cir. 1997)).

## STANDARD OF REVIEW

Plaintiff's response in opposition to Defendant Wells Fargo's motion to dismiss for Failure to State a claim under 12(b)(6), where the Court must  consider the Complaint in it's entirety when evaluating a Motion to dismiss for failing to state a claim.

Defendant   Wells Fargo, provide no support for the motion to dismiss for failure to state claim nor can they defend the actions taken against Plaintiff when they denied service to Plaintiff, in November 2018, when they refused to allow Plaintiff Jarvis to open a bank account along with his mother Shirley Pittman. This alone, denies Wells Fargo's  motion to dismiss in this case for a failure to state a claim, unless this court applies black codes and allows Defendants dog whistle to discriminate in this case. Plainifff Jarvis, was accused by the bank of trying to pass a bad check, which Wells Fargo is known to do to Black customers on several occasions, and refused to  open an account for Plaintiff, or his mother.

4

LEGAL STANDARD

Plaintiff's detailed and concise complaint, more than satisfies the notice pleading requirements of Fed.R.Civ.P.(8), and plainly alleges cognizable claims for violations of Maryland state codes for discrimination based upon race, negligence and other claims. See Complaint.

The Court further expounded upon the simplified notice pleading standard required by Fed.R.Civ.P.8(a)(2), stating that it ' relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims'. Id.

A review of Plaintiff Jarvis's complaint in the instant action, shows that it is divided into four counts for relief, naming the defendant 'Wells Fargo'. it properly sets forth the jurisdictional and venue requirements, which is a state court complaint, and the parties and procedural background.

"Importantly', the Fourth Circuit instructs, "(A Rule 12(b)(6) motion"), does not resolve contests surrounding the facts, the merits, of a claim, or the applicability of defenses'. Edwards vs. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999))(alterations in original)(internal quotation mark omitted).

Courts must view the allegations of the complaint in the light most favorable to the plaintiff. Beyond Sys. vs. Keynetics, Inc., 422 F.Supp. 2d 523, 530 (D.Md. 2006)).

5

It is especially, in civil rights disputes that we ought to be wary of disposing of the case on pre-trial motions and courts do in fact have a predilection for allowing civil rights cases to proceed until a comprehensive record is available to either support or negate the facts alleged. See Leatherman vs. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 168 (1993)(rejecting "heightened pleading standard" for civil rights cases)).

Fourth Circuit precedent 'expresses the indisputable desire that those litigants with meritorious claims should not be tripped up in court on technical niceties". Id. at 1277-78 (citations omitted). Unfortunately, the history with this court and the Fourth Circuit, has been contentious, hostile to race-based claims, and a judicial system, that appears to be infected with the Ku Klux Klan, and undermined by structural racism in this circuit. Plaintiff Jarvis, has been a victim of complicit acts against him in this Circuit, who fails to uphold race discrimination and utilizes deception in order to dismiss cases.

A 'complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief". Conley vs. Gibson, 355 U.S. 41, 45-46 (1957)).

6

I. **PLAINTIFF JARVIS HAS STATED SEVERAL COGNIZABLE CLAIMS FOR RELIEF IN THIS ACTION UNDER 42 U.S.C.§ 1981 FOR DENIAL OF SERVICES, INTERFERENCE WITH THE RIGHT TO CONTRACT, RACE DISCRIMINATION—DISCRIMINATION IN PUBLIC ACCOMMODATIONS & RECKLESS NEGLIGENCE NEGLIGENCE TRAINING AND SUPERVISION**

Defendant Wells Fargo, has no defense in this case to Plaintiff Jarvis's material facts, so Defense Counsel has decided to divert like most when it cannot defend complaint. Defendant Wells Fargos attempts at deception here is to use red herrings and straw man arguments in an attempt at character assassination and Jim Crow standards regarding Plaintiff Jarvis's previous cases removed from State Court which are outside the pleadings here and must be strickned from the record, as Federal Courts cannot consider matters 'extraneous to the pleadings' which may prejudice a Plaintiff. See In re Burlington Coat Factory, Sec. Litig., 114 F.3d 1410 1426 (3rd Cir.1997)). However, Plaintiff Jarvis, absolutely can bring up Wells Fargo's lawsuits involving race discrimination which it has had to settle, because it's a part of public record and does relate to this case, as many of the cases are cases where Wells Fargo discriminated against "Black's" for attempting to open bank accounts and were accused of forging a check which is relevant in this case.

Defendant's assertions that Plaintiff Jarvis being subjugated to Wells Fargo's discrimination, 'being solely on his misplaced perceptions'is not only racist again utilizing Jim Crow standards and deception but absolutely, false and an insult to Plaintiff Jarvis's intelligence. Wells Fargo denied services to Plaintiff Jarvis and his mother by refusing to open an account for Plaintiff Jarvis and accusing Plaintiff and his mother of forging a check. Wells Fargo has no defense to these material facts.

What's not a misplaced perception in this case is that
Wells Fargo denied Plaintiff Jarvis and his mother services
by refusing them both to open a bank account and accusing them
of forgery which is blatant  and direct evidence of discrimination
by Wells, which Wells Fargo  engages in 24/7 which is discrimination
against 'Black Americans', which the record demonstrates. This is
almost a daily occurrence by Wells Fargo against so called 'Blacks'.
Wells Fargo has no defense to these material facts. It appears
to this Plaintiff that Wells Fargo also believes that the lynchings
that occurred in this Nation along with slavery is also 'misplaced
perception'. The State Of Maryland was heavily involved in the
Indian slave trade , and continues to subject so -called 'Blacks'
to 'The Doctrine Of Exclusion', which makes 'blacks' property
without rights in the state, and not allowed to compete with

Whites or enjoy the fruits of their labor, which explains why
The Federal Courts in Maryland  fail to uphold civil rights
laws and discrimination. See The Doctrine Of Exclusion In
Maryland and The American Colonization Society, which used
Ports to ship Black Indians overseas to settle Liberia, from
Baltimore.

## 1. WELLS FARGO IS A PLACE OF PUBLIC ACCOMMODATION WITHIN THE MEANING OF TITLE II 42 U.S.C.§ 2000a

**Defendant** Wells Fargo really is engaged in pathetic
and laughable arguments at this point, because again, they have
no  defense to Plaintiff Jarvis's complaint and material facts.
Wells Fargo is a  bank open to the public which affects commerce,
and within the meaning of 42 U.S.C.§2000a, why the Courts allow
Defendants  to  use these disingenuous arguments in desperation
to bail out of cases is problematic and should warrant sanctions,
as attorneys are Officers of the Court.

8

Title II of The Civil Rights Act, In Public Accommodations 42 U.S.C. 2000A:

(a) all persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations, of any place of public accommodation, which includes a National bank, open to the public, as defined in this section, without discrimination on the grounds of race, color, religion, sex, or national origin. For Defense Counsel to deny Wells Fargo is a place of Public accommodation within the meaning of 42 U.S.C.§ 2000a establishes they have no defense to Plaintiff's facts and their frivolous and vexatious motion must be denied as their are disputed facts in this case mainly undisputed  against Wells Fargo Bank.

(b) equal access; each of the following establishments is a place of public accommodation, within this title, if it's operations effect commerce, and facilities,  for the consumption on the premises, or other  covered establishments, since Wells Fargo  affects commerce which it does being a bank, it is within the meaning of Title II, 42 U.S.C.§ 2000A. As such Wells Fargo has violated Plaintiff Jarvis's rights under Title II, 42 U.S.C.§2000a.

2. PLAINTIFF JARVIS HAS EASILY ESTABLISHED HIS DENIAL OF SERVICE
CLAIMS & INTERFERENCE WITH THE RIGHT TO CONTRACT UNDER
42 U.S.C.§ 1981 DEFENDANT WELLS FARGO HAS NO DEFENSE
TO THE MATERIAL FACTS IN COMPLAINT THAT THEY
DISCRIMINATED AGAINST PLAINTIFF JARVIS

Wells Fargo's argument that Plaintiff Jarvis and
his mother's claims of being denied services while at Wells
Fargo, and that Wells Fargo interfered with their right to
contract and accused Plaintiff Jarvis of forging a check as
being 'speculative' is outrageous and fails in this case.
These are the facts of the case that Plaintiff Jarvis and
his mother were denied services by Wells Fargo and accused
of forging a check because of their race 'American (Black)
Indian Cherokee, which is not  'speculative' except to a racist
not'conclusory'except to a racist using dog whistles and KKK
talking points to dismiss a case, these are facts not speculation.
And the court  should take note of these racist dog whistles
by Defense Counsel and Jim Crow tactics, as the Maryland
Federal Court is stymied with racism itself and fails to
uphold civil rights laws which the record demonstrates.

PLAINTIFF'S PRIMA FACIE CASE OF RACE DISCRIMINATION & INTERFERENCE
WITH THE RIGHT TO CONTRACT UNDER 42 U.S.C.§ 1981

In order to establish a prima facie case under 42 U.S.C.
§ 1981, based upon discrimination, a plaintiff must show that;
1) he is a member of a racial minority; 2) the defendant intended
to discriminate, although in proving intentional discrimination,
a plaintiff need only show race was a motivating factor, not that
race was the sole or primary reason to discriminate, and 3) the
discrimination concerned one or more of the activities protected
by the statute,  interference with the right to contract, and the
right to make and enforce a contract which occurred here. Baltimore-
Clark, 270 F.Supp. 2d at 699 (D. Md. 2003)).

10

Wells Fargo Bank interfered with Plaintiff Jarvis's right to contract when it denied services to Plaintiff Jarvis and his mother and accused them of forgery of a check in violation of 42 U.S.C.§1981. This is a pattern and practice by Wells Fargo in discriminating against so-called Black Americans.

Section 1981, does not require as a matter of law that within the context of closing a contract, a customer persist in his attempted purchase or in this case opening of a bank account, despite overt racial hostility right up until a merchant flat out denies service.**Id.** In this case, the bank employees were all caucasian Hispanic  staff and Management who denied services to Plaintiff Jarvis because of his race. Section 42 U.S.C.§ 1981, prohibits discrimination in "all phases" of a contractual relationship, Wells Fargo refused to contract with Plaintiff Jarvis and his mother denying services violating 1981. Rivers vs. Roadway Express, Inc., 511 U.S. 298, 302 (1994), thus, clearly reaching conduct preceding the actual consummation of the contract,which occurred in the case at bar.

The statute's reach "extends.........beyond the four corners of a particular contract", the extension applies to those situations in which a merchant acting out of racial animus impedes a customer's ability to enter into......a contractual relationship.**Id.** Plaintiff Jarvis, in this case was denied the ability to contract with Wells Fargo, as such Wells Fargo is in violation of 1981.

11

Wells Fargo denied Plaintiff Jarvis and his mother, services refusing to open bank account on the basis of their race at the Wheaton branch location, violating their civil rights. The same check was used to open bank account at Bethesda branch with no issue, and they even stated it sounds like discrimination which it was. The Wheaton branch has a history of engaging in discriminatory practices against so-called Black Americans, as Wells Fargo has a history of discriminating against Black America.

### b. Plaintiffs Complaint easily states a claim for Denial of Services which relief can be Granted

Wells Fargo discriminated against Plaintiff Jarvis and his mother, when it denied services, denying the Plaintiff and his mother the right to open an account, accusing them¶ of passing a bad check which was false, discriminating against them because  of their race. Defendant in this case, has no defense for these material facts in complaint and instead engage in deception  , and black codes applying Jim Crow standards, as Defendants' engage in these type of race-based claims, which many Federal Courts entertain.

By discriminating against Plaintiff Jarvis and his mother, on the basis of race, Wells Fargo, has denied services and interfered with Plaintiff's right to contract, denying services in this case. And denying the same rights to enjoy the benefits, privileges, terms and conditions of the right to contract, as enjoyed by White citizens.

12

Such treatment when it is racially motivated, as is the case here, i.e., Black's subjected to discriminatory monitoring, that interferes with banking or purchases, states a claim as may be seen in Hall vs. Pennsylvania State Police, 570 F.2d 86 (3rd Cir. 1978)).

**C. Plaintiff Jarvis** has Established **Cognizable** Claims For Discrimination, Denial of Services and **Denying The Right To Contract**

Defense Counsel in this case, cannot defend his clients Wells Fargo, who denied Services to Plaintiff and his mother in November 2018, which is obvious when they denied Plaintiff and his mother from opening bank account at Wells Fargo at the Wheaton location, because of their race.

Contrary, to Defendant's erroneous and false claims, in a denial of service scenario, and denying The Right to Contract, does not require as a matter of law, that within the context of closing a contract, a customer persist in his attempted purchase despite overt racial hostility right up until a merchant flatly denies services, which occurred in this case, and forcibly ejects him from the premises. Id.

To suggest otherwise, would enable a retailer to create an evironment so odious to minority customers that they will flee immediately upon entering a store and be unable to obtain merchandise, or in this case, open a bank account.

13

Taking the facts in the light most favorable to Plaintiff a genuine issue of fact exist as to whether the bank Manager or associate's behavior amounted to an outright refusal to serve the Plaintiff, which occurred in this case when Wells Fargo, refused to open an account for Plaintiff and his mother because of their race. See Causey vs. Sewell Cadillac Chevrolet, Inc., 394 F.3d 285, 290 (5th Cir. 2004))(" when a merchant denies service or outright refuses to engage in business with a customer attempting to contract with the merchant, that is a violation of 1981").

By denying service to one member of the party, the defendant effectively, denied service to the other members of the same party. Eddy, 482 F.3d at 678.

Section 1981, is not limited to existing contractual relationships. The statute "protects the would-be contractor along with those who already have made contracts". Domino's Pizza, 546 U.S. at 476, and it thus, applies to discrimination that "blocks the creation of a contractual relationship', that does not yet exist. See Runyon vs. McCrary, 427 U.S. 160, 172 (1976)). In this case, Wells Fargo, blocked the creation of a contractual relationship. when it failed to open account for Plaintiff Jarvis and his mother Shirley Pittman, denying the right to contract and denying services.

As the Third Circuit has noted, a commercial establishment, violates 1981 rights, when it, " offers it's services under different terms dependent on race'. Hall vs. Pa. State Police, 570 F.2d 86, 92 (3rd Cir. 1978)).

14

Since direct evidence is rarely available. A systemic
practice of affording Black customers different treatment,
provides circumstantial evidence of discriminatory intent.
See White vs. Honeywell, 141 F.3d 1270, 1276 (8th Cir, 1998).

" Indeed, in light of the clear illegality of outright
refusal to serve, a defendant which wishes to discourage
minority customers must resort to more subtle efforts to
dissuade". Solomon vs. Waffle House, Inc., 365 F.Supp. 2d 1312,
1324 (N.D. Ga. 2004)).

Notably, the Greene, Christian, and Watson opinions
recognized that a protected contractual relationship arises
during the contract formation process and well before the
fleeting moment when payment is tendered or  a bank account
is opened.Id.

What is clear, however, is that 1981 prohibits discrimination
in " all phases and incidents" of a contractual relationship.
Rivers vs. Roadway Express, Inc., 511 U.S. 298, 302 (1994), thus
clearly reaching conduct preceding the actual consummation of
a contract. The statute "protects the would-be contractor, along
with those who already have contracts" Domino's Pizza Inc. vs.
McDonald, 546 U.S. 470, 476 (2006)). It is precisely this process
which is protected by the right to make and enforce contracts. Id.

15

In Reeves, the court clarified the standard for analyzing the evidentiary burden borne by plaintiff who attempted to prove intentional discrimination through indirect evidence. The Reeves Court held that it is permissible for the trier of fact to infer the ultimate question of discrimination that is, whether the defendant intentionally, discriminated against plaintiff from the falsity of defendants explanation for it's conduct. In this case Wells Fargo, does not even defend the racially motivated act(s) by Defendant,as they engage  in deception black codes and baseless claims to the court to gain favor.

### WELLS FARGO INTERFERED WITH PLAINTIFF'S RIGHT TO CONTRACT

In proving intentional discrimination, plaintiff need only show that race was a motivating factor, not that race was the sole or primary reason for Wells Fargo's action or policy. See e.g., Cooper vs. Paychex, Inc., 960 F.Supp. 966, 971 (E.D. Va. 1997)(jury instruction including language to this effect was not in error).

In order to establish interefence with the right to contract under section 1981, " A retail customer must allege that he was actually denied the ability to make, perform, enforce, modify or terminate a contract, or to enjoy the fruits of a contractual relationship by reason of a race-based animus". Baltimore-Clark, 270 F.Supp. 2d at 699. Plaintiff Jarvis has established that Wells Fargo interfered with his right to contract by denying Plaintiff the right to open an account, and accusing him of passing a bad check, as well as his mother.

### 3. PLAINTIFF HAS ESTABLISHED VALID CLAIMS FOR NEGLIGENT TRAINING & SUPERVISION BY WELLS FARGO WHEATON BRANCH

Plaintiff Jarvis, has established  that Wells Fargo denied services to him and his mother, and refused to open an account on the basis of race. Wells Fargo owed a duty to the Plaintiff in this case, as a business invitee at Wells Fargo, which Wells breached that duty, when they denied services because of Plaintiff's race.

Here Wells Fargo owed a duty to Plaintiff who committed the tortious act of discrimination, and whom owed a duty to Plaintiff Jarvis and his mother as an commercial establishment, and breached that duty, when they discriminated against Plaintiff Jarvis. Penhollow vs. Board of Commissioners For Cecil County, 116 Md. App. 265, 295 (1997)).

The acts committed against Plaintiff Jarvis and his mother, were under the scope of employment at Wells Fargo, therefore, Wells is negligent for the breach of the duty owed to Plaintiff as an establishment in the state of Maryland. Wells Fargo breached  the duty of care to Plaintiff and his mother when they denied services and interfered with the right to contract on the basis of race.

Wells Defendant, has failed to show Plaintiff's claims are without merit, or without plausible legal or factual basis, in this case.  Wells Fargo Defendant's motion to dismiss states no legally adequate basis for this court to dismiss Plaintiff's complaint, as the Plaintiff here, has established claims for relief in this action. Wells Fargo denied Plaintiff Jarvis services, and interfered with his right to contract as they have many others and has a history of doing to Black America.

17

In Miller vs. Walmart Stores, Inc., decision, there are now at least three ways in which an employer can be held liable for act(s) of employees; 1) Negligent supervision, which is the case here; 2) respondeat superior; and 3) an employer who knew, or should have known of the employees or in this case, Managers tortious conduct in denying services to Plaintiff Jarvis and his mother interfering with the right to contract.

Defendant Wells Fargo, owed a duty to the Plaintiff as he was a business invitee at Wells Fargo. As a business invitee, the defendant Wells Fargo, owed  Plaintiff Jarvis a duty to conduct business with him in the same manner as that of other white patrons at Wells Fargo which they failed to do, as Wells denied services to Plaintiff Jarvis and his mother, and interfered with the right to contract, in violation of 42 U.S.C.§ 1981.

Here, Wells Fargo has a history of racism toward Black America, and engaged in reckless negligence against Plaintiff Jarvis and his mother. See Affidavit(s) clearly establishing discriminatory acts against Wells Fargo who has a history in the slave trade and discriminatory acts against so called Black America.

18

## II. DEFENDANT'S FRIVOLOUS MOTION TO STRIKE HAS ALREADY BEEN DENIED AS MOOT BY THE COURT AND THE DEFENDANT HAS ENGAGED IN CHARACTER ASSASSINATION AGAINST PLAINTIFF AND SLANDER

To the extent that Defendant Wells Fargo, has filed a motion to strike which is frivolous and vexatious, the Court in this case, has already denied it as 'moot'.

Defendant's desperation to get out of this litigation is beyond pathetic as they have no defense to the material facts which are direct and to the point. Wells Fargo, denied services failing to open bank account and interfered with Plaintiff's right to contract period. Defendant's childish antics to bail out of the litigation is predicated upon the fact they have no defense to Plaintiff Jarvis's material facts so they are counting on this federal court to bail them out as they are known to dismiss 99% of race based cases and known for failing to enforce discrimination laws which is why it was transferred. These are all dog whistles and Jim Crow tactics.

Defendant Wells Fargo, is also desperately attempting and begging the court to strike Plaintiff's record showing Wells Fargo discriminates against so called blacks and has a history of discrimination which is public record and related to this case , and many of the cases Wells has settled are directedly related to this case insofar as they deny services to Black Americans and discriminate. However, bringing up Plaintiff's cases are prejudice and slander as it's simply character assassination and racist dog whistles to the court. Plaintiff's previous cases dismissed illegally, will be filed in Court next year and many will be refiled for fraud and obstruction.

19

### III. PLAINTIFF IS ENTITLED TO PUNITIVE DAMAGES AND ENTITLED TO RELIEF SOUGHT

A prevailing plaintiff in a  race discrimination case that denies service or interferes with the right to contract, is entitled under the common law to punitive damages for racially motivated acts. Johnson, 420 U.S. at 460, specifically, 'for conduct by Wells Fargo exhibiting malice, an evil motive, or reckless or callous indifference to a federally protected right. Stephens, 848 F.2d at 489.

Denial of service, and interference with the right to contract under section 1981 'affords a remedy against discrimination on the basis of race". Johnson vs. Railway Express Agency, Inc., 421 U.S. 454, 460 (1975)).

A Plaintiff can defeat any dispositive motion, with the testimony of a single witness, which may be himself. Jackson vs. University of Pittsburg, 826 F.2d 230 (3rd Cir. 1987).

In proving intentional discrimination, such as the case here against Wells Fargo, Plaintiff need only show that race was a motivating factor, not that race was the  sole or primary reason for Wells Fargo's action or policy. See e.g., Cooper vs. Patchex, Inc., 960 F.Supp. 966, 971 (E.D. Va. 1997).

The Court concluded that a plaintiff's prima facie case, coupled with sufficient testimony of an affidavit to find that the defendants asserted justification is false, permits the fact finder to conclude that the defendant unlawfully discriminated against the plaintiff. Id.  Under circumstances where there are disputed facts such as the case here, a motion to dismiss must be denied.

THE COURT HAS ERRED IN  THIS CASE BY DENYING INTERLOCUTORY APPEAL

Under 28 U.S.C. §1292(b) a Court can certify it's order for Interlocutory Appeal if the Court's order involves a question of controlling law, and offers substantial ground for difference of opinion.. Katz vs. Carte Blance Corp., 496 F.2d 747, 754 (3rd Cir. 1974).

The Court in this case has misapplied the law in this matter as there is Supreme Court precedent as well as other Federal Circuits that differ from this Court, and as such a question of controlling law and substantial ground for difference was established in  Plaintiff's pleadings which were overlooked or disregarded which is a problem because the trial court asserted that, 'the Court now has federal question and diversity jurisdiction subsequently, after the Court ordered Plaintiff Jarvis, to file Amended Complaint, or file opposition to Defendant's motion to dismiss. This is a disingenuous argument by the judge here because, Plaintiff's claims initially , were state court claims and this Court had no jurisdiction which has to be addressed by the trial court. The case was a state court claim without a federal question See original complaint. So the trial court has admitted, that it initially did not have jurisdiction so this case must be remanded as a result of the assertions by the judge in this case.  Controlling law was established in this case- See Motion to Remand and Interlocutory Appeal as several courts differ in opinion in terms of subject-matter jurisdiction. The trial Court has ignored Supreme Court precedent and other federal circuits which is a due process violation.

21

A Court may not dismiss a complaint merely, because it appears unlikely that the plaintiff can prove those facts or or will ultimately, prevail on the merits. Phillips, 515 F.3d at 231 (citing Twombly 550 U.S. at 556).

The Court must deny a motion to dismiss "if,in view of what is alleged, it can reasonably be conceived that the plaintiffs..... could upon trial establish a case which would entitle them to relief". Phillips, 515 F.3d at 233 (quoting Twombly, 550 U.S. at 563 n.8)).

But for Plaintiff's race, Wells Fargo would have not denied service to Plaintiff Jarvis, refusing to open a bank account, and accusing him and his mother of passing a bad check.

## CONCLUSION

Accordingly, the Court must deny Wells Fargo's baseless and false motion to dismiss. Wells Fargo has no defense for denying services to Plaintiff Jarvis and his mother. A complaint cannot be dismissed, when material facts are in dispute and Plaintiff's affidavit and his mother's establish material facts are indeed in dispute. As a general matter, a Court's ruling on a motion to dismiss, may not consider matters extraneous to the pleadings, such as past cases to gain favor ofthe court , or send dog whistles. In re <u>Burlington Coat Factory, Sec. Litig.</u>, 114 F.3d 1410, 1426 (3rd Cir. 1997). Wells Fargo has a long history of racial animus towards Black America, and was involved in the slave trade. The baseless and fabricated motion must be dismissed in this case.

Respectfully submitted,

Derek N. Jarvis, Plaintiff-Pro se

I Hereby certify that I served a copy of the Opposition in Response to Defendant Wells Fargo's motion to dismiss or in the Alternative Motion for Summary judgment, via first class mail, postage prepaid to the following counsel of record, Sarah E. Meyer, done this _____ day of ___November___ 2021.

Derek N. Jarvis, Plaintiff-Pro se
2445 Jones Lane
Silver Spring, Maryland 20902
Tel:(301) 252-9781

Attorney(s) For Defendant

Wells Fargos

Womble, Bond, Dickinson (US) LLP

Sarah E. Meyer
100 Light Street
26th Floor
Baltimore, Maryland 21202
Tel:(410)545-5807