# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **DEREK JARVIS,** | * | |
| Plaintiff, | * | |
| v. | * | Case No.: DLB-21-687 |
| **WELLS FARGO BANK, N.A.,** | * | |
| Defendant. | * | |

## MEMORANDUM OPINION

Derek Jarvis, proceeding *pro se*, filed a complaint in the Circuit Court for Prince George's County against Wells Fargo Bank, N.A., ("Wells Fargo") and alleged a Wells Fargo employee discriminated against him on the basis of his race by accusing him of forging a check and refusing to open a bank account for him. ECF 5. Wells Fargo removed the case to the District of Maryland, ECF 1, and moved to dismiss the complaint, ECF 8. Jarvis moved to remand the case, arguing the Court does not have jurisdiction over his complaint. ECF 7. He also filed an amended complaint. ECF 18. The Court denied Wells Fargo's initial motion to dismiss as moot and denied Jarvis' motion to remand because it has jurisdiction over his claims. ECF 22. Wells Fargo also moved to dismiss or strike Jarvis' amended complaint. ECF 20. The motion is fully briefed. ECF 21 (Plaintiff's First Response in Opposition to Defendant's Motion to Dismiss); ECF 23 (Plaintiff's Second Response in Opposition to Defendant's Motion to Dismiss); ECF 24 (Defendant's Reply to Plaintiff's Response in Opposition to the Motion to Dismiss). No hearing is necessary. Loc. R. 105.6 (D. Md. 2021). For the reasons set forth herein, Wells Fargo's motion to dismiss is granted with prejudice as to Counts I, II, and IV but without prejudice as to Count III.[1]

---

[1] In Jarvis' November 5, 2021 opposition, which was docketed on November 9, 2021 (the same day the Court denied his motion for certification of interlocutory appeal), he argues this Court does

**I.     Background**

For purposes of the pending motion to dismiss, the Court takes all well-pleaded allegations in the amended complaint as true. Derek Jarvis is "Indigenous American," ECF 18, at 6, although he often refers to the alleged discrimination in this case as against "so called Black Americans," *id.* at 8. He alleges that, on or about November 26, 2018, he went to the Wells Fargo branch in Wheaton, Maryland, where he was denied service. *Id.* at 7. A Wells Fargo manager, named Sarah or Susan, or "staff and [m]anagement" refused to open a bank account for him and his mother, Shirley Pittman, because the check Jarvis and his mother presented appeared, from the bank employees' perspective, to be forged. *Id.* This, he alleges, was discrimination "on the basis of race." *Id.* at 10. Jarvis claims "Wells Fargo is known to do [this] to Black customers." *Id.* He also alleges that "[m]ost of the employees and [m]anagement" at that branch "were of Hispanic origin and appeared as white, and most customers . . . also appeared to be white [H]ispanic." *Id.*

---

not have jurisdiction to hear this case, that the motion to dismiss may not be decided until the motion for certification of interlocutory appeal has been decided, that this Court is biased and cannot impartially adjudicate his claims, that he would address the pending motion to dismiss only after the case was remanded or certified for appeal, and that Wells Fargo did not properly deliver its motion to strike to his new home address. ECF 21. To the extent these arguments relate to this Court's jurisdiction or Jarvis' motion for certification for an interlocutory appeal, the Court rejects them for the reasons stated in its November 9, 2021 memorandum opinion. *See* ECF 22. Insofar as Jarvis asks the Court to transfer the case to another federal court or to remand it to state court because he allegedly "is having [t]he . . . Court investigated for obstruction and treason," and plans to file a lawsuit against the Court itself in the future, he has not substantiated his allegations of bias and obstruction. Nor has he shown that either transfer or remand would be appropriate. *See Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92 (1921)) (noting a case must be remanded only where federal jurisdiction is doubtful); *Trs. of the Plumbers & Pipefitters Nat'l Pension Fund v. Plumbing Servs., Inc.*, 791 F.3d 436, (4th Cir. 2015) (stating a district court must consider: "(1) the weight accorded to the plaintiff's choice of venue; (2) witness convenience and access; (3) convenience of the parties; and (4) the interest of justice" when deciding whether to transfer a case to another venue). Jarvis also insists that this case should be heard in Greenbelt, not Baltimore. In that regard, he is correct. Any in-court proceedings in this case will be in the Greenbelt Courthouse, and any telephonic or video proceedings will be handled by the Greenbelt Courthouse Clerk's Office.

This "appeared to be why [m]anagement" at that branch "denied services to [him] and his mother in refusing to open [a] bank account and accusing them of forging a check." *Id.* Jarvis "contacted Wells Fargo corporate in California, who condoned and facilitated the illegal act(s), which . . . is a pattern or practice by Wells Fargo." *Id.* at 7.

Jarvis alleges numerous instances in which Wells Fargo has been found or accused of racial discrimination, although he does not provide any citations or sources. *Id.* at 2–4. These instances, according to Jarvis, illustrate Wells Fargo's "long history of discrimination against Native Indigenous so-called (Black Americans)." *Id.* at 2. They include allegations that Wells Fargo engaged in lending and wage discrimination against Black borrowers and employees. *Id.* at 2–4. He also identifies instances in which Wells Fargo was accused of refusing to open bank accounts or cash checks for Black customers. *Id.* at 3. He notes Wells Fargo's alleged involvement in the slave trade and Senator Elizabeth Warren's statements that Wells Fargo should be "broken up because of so many violations and fines against it." *Id.* at 4. Other than the instance that forms the basis of this lawsuit, Jarvis does not identify any instances of alleged racism that occurred at the Wheaton, Maryland, branch or involved the Wells Fargo employee identified in this case. *See id.* at 2–4.

Based on these factual allegations, Jarvis asserts four counts against Wells Fargo: (I) race-based denial of the full enjoyment of the offerings of a place of public accommodation, in violation of Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a(a); (II) "race discrimination in violation of 42 U.S.C. § 1981," which appears to be the functional equivalent of Count I; (III) interference with the right to contract, in violation of 42 U.S.C. § 1981; and (IV) a state common law claim for negligent training and supervision.

**II.     Standard of Review**

A Rule 12(b)(6) motion to dismiss for failure to state a claim "tests the legal sufficiency of a complaint" and "should be granted unless the complaint 'states a plausible claim for relief.'" *In re Birmingham*, 846 F.3d 88, 92 (4th Cir.), *as amended* (Jan. 20, 2017) (quoting *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012)); *see* Fed. R. Civ. P. 12(b)(6).  To survive a Rule 12(b)(6) motion, the "complaint need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Ray v. Roane*, 948 F.3d 222, 226 (4th Cir. 2020) (quoting *Tobey v. Jones*, 706 F.3d 379, 387 (4th Cir. 2013)).  Stated differently, the complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2)).  When resolving a Rule 12(b)(6) motion to dismiss, the Court accepts the well-pleaded allegations as true.  *See Lokhova v. Halper*, 995 F.3d 134, 141 (4th Cir. 2021) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  The Court "does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." *Ray*, 948 F.3d at 226 (quoting *Tobey*, 706 F.3d at 387).

The Court must liberally construe complaints filed by pro se litigants. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see Haines v. Kerner*, 404 U.S. 519, 510 (1972).  "[A] complaint, especially a pro se complaint, should not be dismissed summarily unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978) (quoting *Haines*, 404 U.S. at 521) (internal quotation marks omitted).  Nevertheless, all plaintiffs, whether represented or not, are required "to demonstrate more than a sheer possibility that a defendant has acted unlawfully." *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678).

4

### III. Discussion

#### A. Title II of the Civil Rights Act

"The Civil Rights Act of 1964 was enacted 'to prevent . . . discrimination in voting, as well as in places of accommodation and public facilities, federally secured programs and in employment.'" *Okudo v. Caesars License Co.*, No. ELH-20-3434, 2021 WL 4133717, at *3 (D. Md. Sept. 10, 2021) (quoting *Heart of Atlanta Motel, Inc. v. United States*, 379 U.S. 241, 246 (1964)). Jarvis alleges Wells Fargo discriminated against him in violation of Title II of the Act, which applies to places of public accommodation: "All persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation, as defined in this section, without discrimination or segregation on the ground of race, color, religion, or national origin." 42 U.S.C. § 2000a(a). "It sets forth a comprehensive list of establishments that qualify as 'places of public accommodation,' and in doing so excludes from its coverage those categories of establishments not listed." *Denny v. Elizabeth Arden Salons, Inc.*, 456 F.3d 427, 431 (4th Cir. 2006). Under the Act, places of public accommodation are:

> (1) any inn, hotel, motel, or other establishment which provides lodging to transient guests, other than an establishment located within a building which contains not more than five rooms for rent or hire and which is actually occupied by the proprietor of such establishment as his residence;
>
> (2) any restaurant, cafeteria, lunchroom, lunch counter, soda fountain, or other facility principally engaged in selling food for consumption on the premises, including, but not limited to, any such facility located on the premises of any retail establishment; or any gasoline station;
>
> (3) any motion picture house, theater, concert hall, sports arena, stadium or other place of exhibition or entertainment; and
>
> (4) any establishment (A)(i) which is physically located within the premises of any establishment otherwise covered by this subsection, or (ii) within the premises of which is physically located any such covered establishment, and (B) which holds itself out as serving patrons of such covered establishment.

42 U.S.C. § 2000a(b).  "Congress has clearly delineated those entities that fall within Title II's ambit, and [courts] are not at liberty to go beyond what it has plainly enacted." *Denny*, 456 F.3d at 429 (affirming dismissal of a Title II claim against a salon and spa on the grounds that it was not a place of public accommodation).

Jarvis has not plausibly stated a claim under Title II because banks are not places of public accommodation within Title II's ambit.  The statute's exhaustive enumeration of the establishments considered places of public accommodation does not include banks.  Although this issue has not been decided by the Fourth Circuit, numerous district courts have held plaintiffs failed to state claims under Title II against banks on the grounds that banks are not places of public accommodation.  *See, e.g.*, *Pullins v. Bank*, No. 19-00006, 2020 WL 1450560, at *4 (M.D. La. Mar. 25, 2020) ("There is no published authority in any circuit considering whether a bank is a 'public accommodation' within the meaning of Title II. . . . [District] [c]ourts have uniformly rejected the invitation to expand Title II['s] 'public accommodation' definition to include establishments beyond those specifically listed in Section 2000a(b)."); *Akyar v. TD Bank US Holding Co.*, No. 18-CV-379 (VSB), 2018 WL 4356734, at *5 (S.D.N.Y. Sept. 12, 2018) ("[T]he text of § 2000a does not explicitly include banks, and courts have expressly concluded that banks are not places of public accommodation within the meaning of that provision.") (collecting cases published between 1989 and 2016); *Ajuluchuku v. Wachovia Corp.*, No. 3:05CV532-C, 2006 WL 406602, at *3 (W.D.N.C. Feb. 17, 2006) (concluding a bank is not a place of public

accommodation under Title II). Because the defendant in this case is a bank and a bank is not a place of public accommodation under Title II, Counts I and II are dismissed.[2]

### B. 42 U.S.C. § 1981

In Count III, Jarvis alleges Wells Fargo violated 42 U.S.C. § 1981 by interfering with his right to contract because of his race. "Section 1981 establishes that '[a]ll persons . . . have the same right . . . to make and enforce contracts . . . as is enjoyed by white citizens.'" *Denny*, 456 F.3d at 434 (quoting 42 U.S.C. § 1981(a)). "It defines 'make and enforce contracts' to include 'the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.'" *Id.* (quoting 42 U.S.C. § 1981(b)). "To state a cause of action in a § 1981 action" not involving employment, "a plaintiff must show: (1) he . . . is a member of a racial minority; (2) the defendant intended to discriminate on the basis of race; and (3) the discrimination concerned one or more of the activities protected by the statute." *Buchanan v. Consol. Stores Corp.*, 125 F. Supp. 2d 730, 734 (D. Md. 2001). "To prove a § 1981 claim, therefore, a plaintiff must ultimately establish both that the defendant intended to discriminate on the basis of race, and that the discrimination interfered with a contractual interest." *Denny*, 456 F.3d at 434. "A plaintiff must also show that the interference with a contractual interest would not have happened but for the plaintiff's race." *Nadendla v. WakeMed*, 24 F.4th 299, 305 (4th Cir. 2022) (citing *Comcast Corp. v. Nat'l Ass'n of African American-Owned Media*, 140 S. Ct. 1009 (2020)).

In this case, Jarvis does not allege facts that, if proven, would establish direct evidence of discrimination. However, a plaintiff alleging race discrimination under § 1981 may prove his claim through indirect evidence under the burden-shifting framework established in *McDonnell*

---

[2] The allegations in Count II, which is labeled "race discrimination in violation of 42 U.S.C. § 1981," mirror the allegations of discrimination at a place of public accommodation in Count I. Both counts are dismissed for the same reason.

*Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See, e.g.*, *Murrell v. Ocean Mecca Motel, Inc.*, 262 F.3d 253, 257 (4th Cir. 2001) (applying the burden-shifting framework to a non-employment § 1981 claim). Under that framework,

> [t]o establish a prima facie case of discrimination in a § 1981 cause of action relating to the purchase of goods or services, [a plaintiff] must establish that: (1) he is a member of a protected class; (2) he sought to enter into a contractual relationship with the defendant; (3) he met the defendant's ordinary requirements to pay for and to receive goods or services ordinarily provided by the defendant to other similarly situated customers; and (4) he was denied the opportunity to contract for goods or services [under circumstances giving rise to an inference of unlawful discrimination].

*Williams v. Staples, Inc.*, 372 F.3d 662, 667 (4th Cir. 2004); *see also Bryant v. Aiken Reg'l Med. Ctrs. Inc.*, 333 F.3d 536, 544–45, (4th Cir. 2003) (stating a plaintiff "is not required as a matter of law to point to similarly situated white comparator in order to succeed on a [§ 1981] race discrimination claim"). At the pleading stage in a discrimination lawsuit, a plaintiff is not required "to plead facts establishing a prima facie case of discrimination to survive a motion to dismiss." *McCleary-Evans v. Md. Dep't of Transp., State Hwy. Admin.*, 780 F.3d 582, 585 (4th Cir. 2015); *see Swierkiewicz v. Sorema*, 534 U.S. 506, 510–11 (2002). Still, the Court must consider the elements of a discrimination claim to discern whether the plaintiff has stated a facially plausible claim. *Iqbal*, 556 U.S. at 678; *Coleman v. Md. Ct. App.*, 626 F.3d 187, 190 (4th Cir. 2010). "[T]o survive a motion to dismiss, a plaintiff must allege facts that, if accepted as true, allow the court to draw a reasonable inference as to [the elements]." *Nadendla*, 24 F. 4th at 305.

Jarvis has not alleged a § 1981 claim because he has not adequately pled Wells Fargo denied him the opportunity to contract for services under circumstances giving rise to an inference of unlawful race discrimination. His conclusory allegation that Wells Fargo denied his request to open an account and refused to accept his check because of his race falls short of the specific, factual allegations required to plausibly allege discriminatory intent. His numerous allegations

8

relating to this nation's history of racial discrimination do not relate to the Wells Fargo in Wheaton, Maryland, or the manager who allegedly discriminated against him. And while Jarvis repeatedly refers to Wells Fargo's pattern or practice of discrimination, a plaintiff "cannot pursue a cause of action based on a pattern or practice of discrimination" when bringing a § 1981 claim. *Williams v. Giant Food Inc.*, 370 F.3d 423, 430 n.3 (4th Cir. 2004); *see also Farooq v. City of New York*, No. 20-3185, 2022 WL 79311, at *3 n.3 (2d Cir. Mar. 16, 2022) (declining to permit a § 1981 claim to proceed on a pattern or practice theory). Although an individual plaintiff may "'use evidence of a pattern or practice of discrimination to help prove claims of individual discrimination within the *McDonnell Douglas* framework," *Williams*, 370 F.3d at 430 n.3, allegations of discrimination occurring at numerous branches across the country are not sufficiently connected to the specific facts at issue in this case.

Jarvis also has not alleged facts from which the Court could infer causation—that Well Fargo's denial of banking services would not have happened but for his race.

In his complaint, Jarvis cites a 40-year-old Third Circuit case, *Hall v. Pennsylvania State Police*, 570 F.2d 86 (3d Cir. 1978), to support his position that his allegations of discrimination are sufficient to withstand a motion to dismiss. *Hall* is a very different case. In *Hall*, the plaintiff alleged that Pennsylvania State Police issued a directive that stated in part: "BANK INFORMATION 1/ Take photos of any black males or females coming into bank who may look suspicious: A. Come in to ask directions[;] B. Exchange large bill for small money[;] C. Come in for no apparent reason. NOTIFY LOCAL OR STATE POLICE." 570 F.2d at 88. The plaintiff further alleged "that upon entering the premises to transact business, his photograph was taken for the police by bank employees pursuant to a racially based surveillance scheme." *Id.* at 92. The Third Circuit found that "[t]his was not the isolated act of an individual employee, but rather the

9

implementation of a policy deliberately adopted by the bank management to offer its services under different terms dependent on race." *Id.* The specific allegations of direct evidence of racial discrimination by state police were therefore sufficient to withstand a motion to dismiss a § 1981 claim. *Id.* at 92. Here, in contrast, Jarvis alleges only his subjective belief that one bank employee's rejection of his check and refusal to open an account was because of his race. His allegations are insufficient to survive a motion to dismiss, however sincere his belief may be.

In his opposition, Jarvis cites to *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004), to support his argument that the Wells Fargo employee's actions "amounted to outright refusal to serve" him and that he therefore stated a claim. In *Causey*, the plaintiff alleged the merchant used racial expletives, including twice yelling the N-word in reference to a Black customer. 394 F.3d at 287–88. Based on those allegations, the Fifth Circuit found the plaintiff plausibly stated a claim under § 1981. *Id.* at 290. By contrast, Jarvis' amended complaint lacks any similar allegations of language or conduct that would give rise to an inference of racial animus.

Jarvis attached to his opposition two signed declarations, one from himself and one from his mother. ECF 23-1. He urges the Court to consider his and his mother's sworn statements about what happened the day they went to the Wheaton bank branch. The Court cannot consider the statements in the declarations when deciding whether, under Rule 12(b)(6), Jarvis has adequately alleged claims for relief. The Court may consider only the allegations in the amended complaint and any documents attached to or incorporated into it. *Zak v. Chelsea Therapeutics Int'l., Ltd.*, 780 F.3d 597, 606 (4th Cir. 2015) (quoting *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448 (4th Cir. 2011)). "An opposition is not a proper vehicle for amending a complaint." *Whitten v. Apria Healthcare Grp., Inc.*, No. PWG-14-3193, 2015 WL

2227928, at *7 (D. Md. May 11, 2015) (citing *Saunders v. Putnam Am. Gov't Income Fund*, No. JFM-04-560, 2006 WL 1888906, at *2 n.2 (D. Md. July 7, 2006)). The Court confines its review to the amended complaint.

Because the allegations in the amended complaint do not give rise to an inference of race-based discrimination or an inference that the denial of banking services would not have happened but for his race, Jarvis has failed to allege a claim for interference with his right to contract under 42 U.S.C. § 1981. Count III is dismissed.

### C. Negligent Training and Supervision

In Count IV, Jarvis alleges Wells Fargo flouted its common law duty to properly train and supervise its employees. It appears that Jarvis alleges the bank was negligent by failing to train and supervise an employee to prevent the employee from intentionally discriminating against him based on his race. To state a claim for negligent training and supervision, a plaintiff must allege

> (1) "[his] injury was caused by the tortious conduct of [an employee]"; (2) "that the employer knew or should have known by the exercise of diligence and reasonable care that the [employee] was capable of inflicting harm of some type"; (3) "that the employer failed to use proper care in selecting, supervising, or retaining that employee"; (4) "and that the employer's breach of its duty was the proximate cause of the [p]laintiff's injuries."

*Doe v. Cmty. Coll. of Balt. Cnty.*, --- F. Supp. 3d ----, 2022 WL 971079, at *19 (D. Md. Mar. 30, 2022) (quoting *Jordan v. W. Distrib. Co.*, 135 F. App'x 582, 589 (4th Cir. 2005) (per curiam) (alterations in *Jordan*) (quoting *Bryant v. Better Bus. Bureau of Greater Md., Inc.*, 923 F. Supp. 720, 751 (D. Md. 1996))). Specifically, he must allege that his "injury was caused by the *tortious* conduct of a[n] [employee]" in violation of common law. *Doe*, --- F.3d ----, 2022 WL 971079, at *20 (quoting *Better Bus. Bureau of Greater Md.*, 923 F. Supp. at 751) (emphasis in *Doe*). The claim cannot be based on "actions that constitute . . . a federal statutory violation." *Id*. at *19 (quoting *Nammack v. Hampstead Pre-Owned*, DKC-19-1798, 2020 WL 1033589, at *6 (D. Md.

Mar. 3, 2020)); *Better Bus. Bureau of Greater Md.*, 923 F. Supp. at 751 ("[T]his Court may 'not impose liability on employers for failing to prevent a harm that is not a cognizable injury under the common law.'" (quoting *Hays v. Patton-Tully Transp. Co.*, 844 F. Supp. 1221, 1223 (W.D. Tenn. 1993))).

Jarvis' complaint is deficient as to all four elements. First, he does not allege his injury arose from the tortious conduct of the bank employee. Rather, he claims the employee violated a federal civil rights statute prohibiting the denial of business services because of a person's race. This conduct, even if proven, was not a tortious act that violated a common law duty. Thus, any injury Jarvis allegedly suffered was not caused by an employee's tortious conduct, and it cannot form the basis for a negligent training and supervision claim. *See McLean v. Patten Cmtys., Inc.*, 332 F.3d 714, 719 (4th Cir. 2004) (finding a negligent retention or supervision claim could not be based on harassment or retaliation based on protected traits because those were not torts under North Carolina common law); *M.R ex rel. N.R. v. Tajdar*, No. TDC-17-3836, 2018 WL 6050888, at *6 (D. Md. Nov. 19, 2018) (holding the plaintiff failed to state a negligence claim "because the anti-discrimination provisions of the [Americans with Disabilities Act] do not create a tort duty in negligence"); *Jarvis v. Staples, Inc.*, No. PJM-10-244, 2010 WL 4942010, at *4 (D. Md. Nov. 30, 2010) (dismissing negligent training and supervision claim where plaintiff did not allege tortious conduct by store employee).[3]

---

[3] This Court has, in at least one instance, allowed a negligent hiring or training claim to proceed on a theory that the employer breached its duty to train its employees to act in accordance with 42 U.S.C. § 1981. *Williams v. Cloverland Farms Dairy Inc.*, 78 F. Supp. 2d 479, 484 (D. Md. 1999). But in that case, the Court noted that the employee's conduct, which included lobbing racial slurs at a Black customer and permitting a white customer to spit on the Black customer, "would have been cognizable injuries under the common law" pursuant to claims for "intentional infliction of emotional distress or torts arising from business or contractual relationships." *Id.* at 482–84.

Second, Jarvis does not allege that Wells Fargo knew or should have known that its employee was capable of inflicting the alleged harm on him. *See Jarvis v. Securitas Sec. Servs. USA, Inc.*, No. AW-11-654, 2012 WL 527597, at *5 (D. Md. Feb. 16, 2012) (dismissing a negligent training and supervision claim in part because the plaintiff did not provide "any factual basis that [the] [d]efendant had 'actual or constructive knowledge' of the 'conduct or general character' of its [employee]"), *aff'd sub nom. Jarvis v. Contractor Securitas Sec.*, 474 F. App'x 271 (4th Cir. 2012); *Karn v. PTS of Am., LLC*, No. GJH-16-3261, 2017 WL 4162251, at *4 (D. Md. Sept. 19, 2017) (dismissing a negligent training and supervision claim in part because the plaintiff did not "allege prior incidents of misconduct involving [the employees] that would have given [d]efendants actual or constructive notice of their incompetence"); *Horridge v. St. Mary's Cnty. Dep't of Soc. Servs.*, 854 A.2d 1232, 1238 (Md. 2004) (affirming dismissal of a negligent training, supervision, and retention claim where the plaintiff did not allege the employer was or should have been aware of the employees' incompetence).

Third, Jarvis does not allege how Wells Fargo failed to use proper care in supervising or training the employee. Because he makes no specific allegations as to the purportedly deficient training or supervision, he cannot adequately allege breach. *See Jarvis v. Leggett*, No. 145, 2020 WL 2950708, at *2 (Md. Ct. Spec. App. 2020) (dismissing negligent training and supervision claims where the plaintiff failed to "specify what training or supervision was required by the defendants"); *Nance v. Rowan-Salisbury Bd. of Educ.*, 336 F. Supp. 3d 593, 597 (M.D.N.C. 2018) (dismissing a negligent training claim because "there [were] no specific factual allegations . . . that the Board was negligent in its training of its employees").

Fourth and finally, because Jarvis does not allege how Wells Fargo breached its duty to train and supervise its employees, he did not and cannot allege causation.

Jarvis' allegations about Wells Fargo's negligent training and supervision of its employees are wholly insufficient to state a claim. Count IV is dismissed.

### D. Leave to Amend

Jarvis has not requested leave to amend his amended complaint, but the Court nonetheless considers whether he should be afforded the opportunity to amend. Leave to amend should be freely granted, and courts should "deny such leave only in cases of prejudice, bad faith, or futility." *In re Triangle Cap. Corp. Sec. Litig.*, 988 F.3d 743, 750 (4th Cir. 2021); Fed. R. Civ. P. 15(a)(2).

The Court dismisses with prejudice Count I, the alleged violation of Title II of the Civil Rights Act. Amendment of this claim would be futile because a bank is not a place of public accommodation within the meaning of Title II. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (noting courts need not provide opportunity to amend if amendment would be futile); *United States ex rel. Carson v. Manor Care, Inc.*, 851 F.3d 293, 305 n.6 (4th Cir. 2017) ("[W]hen a complaint is incurable through amendment, dismissal is properly rendered with prejudice and without leave to amend." (citation omitted)). Count II is also dismissed with prejudice because it is predicated on a violation of Title II of the Civil Rights Act, which Jarvis cannot plead. And Count IV, negligent training and supervision, is dismissed with prejudice because Jarvis had the opportunity to cure the deficiencies in this claim after the defendant pointed them out, *see* ECF 8, but he still failed to state a claim. *See Springmeyer v. Marriott Int'l, Inc.*, No. PWG-20-867, 2021 WL 809894, at *5 (D. Md. Mar. 3, 2021) (stating "further amendment would be futile" because plaintiffs "already amended their complaint in view of the[] [alleged] deficiencies").

The Court dismisses Count III, the alleged violation of 42 U.S.C. § 1981, without prejudice. Jarvis first pled this claim in his amended complaint, and the defendant first challenged the sufficiency of the allegations in its motion to dismiss the amended complaint. Therefore, Jarvis

14

has not had an opportunity to cure the deficiencies by amendment. Moreover, Jarvis attached declarations to his opposition containing additional factual allegations that appear to relate to this claim. Accordingly, Count III is dismissed without prejudice. If Jarvis has a good faith basis for filing a second amended complaint asserting a violation of 42 U.S.C. § 1981, he may file it by June 17, 2022.

### IV. Conclusion

Jarvis has failed to state a claim in his amended complaint. Accordingly, the amended complaint is dismissed, and Counts I, II, and IV are dismissed with prejudice. Count III is dismissed without prejudice. Jarvis may file a second amended complaint asserting a violation of 42 U.S.C. § 1981 if he has a good faith basis for doing so. If he does not file a second amended complaint by June 17, 2022, the Court will close the case. Because all claims are dismissed, the Court denies Wells Fargo's motion to strike as moot.

Date: May 25, 2022

Deborah L. Boardman
United States District Judge