# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

CHAMBERS OF
**DEBORAH L. BOARDMAN**
UNITED STATES DISTRICT JUDGE

**101 WEST LOMBARD STREET**
**BALTIMORE, MARYLAND 21201**
**(410) 962-7810**
Fax: (410) 962-2577
MDD_DLBChambers@mdd.uscourts.gov

August 26, 2022

## LETTER ORDER

RE:     *Jarvis, et al. v. Wells Fargo Bank, N.A.*
        DLB-21-687

Dear Plaintiffs and Counsel:

On June 27, 2022, Derek Jarvis and his mother Shirley Pittman filed a second amended complaint in which they allege Wells Fargo Bank, N.A. ("Wells Fargo") violated 42 U.S.C. § 1981 by interfering with their right to contract based on their race. ECF 32. Specifically, they allege Wells Fargo discriminated against them by denying them banking services at the Wheaton bank branch. *Id.* at 6. Defendant Wells Fargo moved to dismiss the second amended complaint. ECF 33. The motion is ripe for disposition. ECF 36, 37. No hearing is necessary. Loc. R. 105.6 (D. Md. 2021). For the reasons stated in this Letter Order, plaintiffs' second amended complaint is dismissed with prejudice.

The Court previously summarized Mr. Jarvis's allegations of discriminatory denial of banking services in its May 25, 2022 Memorandum Opinion granting in part Wells Fargo's motion to dismiss the first amended complaint, which Mr. Jarvis alone filed. *See* ECF 25. Those allegations and the Court's rulings are incorporated herein by reference. The Court granted Mr. Jarvis leave to amend his complaint as to the § 1981 claim, which he has attempted to do in his second amended complaint. Although Mr. Jarvis did not, as the Local Rules require, file a redline reflecting, or otherwise point out, his new allegations, the Court carefully compared both pleadings and sees that the only additional allegation is that Mr. Jarvis and Ms. Pittman sought to open a bank account without the check after Wells Fargo refused to cash it and that their request to open an account was denied. ECF 32, at 11.

Under Rule 12(b)(6), a party may seek dismissal for failure "to state a claim upon which relief can be granted." *Robertson v. Anderson Mill Elementary Sch.*, 989 F.3d 282, 290 (4th Cir. 2021) (quoting Fed. R. Civ. P. 12(b)(6)). To survive the challenge, the opposing party must have pleaded facts demonstrating it has a plausible right to relief from the Court. *Lokhova v. Halper*, 995 F.3d 134, 141 (4th Cir. 2021) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A plausible claim is more than merely conceivable or speculative. *See Holloway v. Maryland*, 32 F.4th 293, 299 (4th Cir. 2022). The allegations must show there is "more than a sheer possibility that the defendant has acted unlawfully." *Int'l Refugee Assistance Project v. Trump*, 961 F.3d 635, 648 (4th Cir. 2020) (quoting *Iqbal*, 556 U.S. at 678)). But the claim does not need to be probable, and the pleader need not show "that alternative explanations are less likely" than their theory. *Jesus*

*Jarvis, et al. v. Wells Fargo Bank, N.A.*
DLB-21-687
August 26, 2022
Page 2

*Christ is the Answer Ministries, Inc. v. Balt. Cnty., Md.*, 915 F.3d 256, 263 (4th Cir. 2019) (quoting *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015)).

When ruling on a Rule 12(b)(6) motion, the Court must accept the pleaded allegations as true and draw all reasonable inferences in favor of the pleader. *Williams v. Kincaid*, --- F.4th ----, 2022 WL 3364824, at *3, *13 (4th Cir. Aug. 16, 2022). But the Court does not accept "legal conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or arguments." *United States ex rel. Taylor v. Boyko*, 39 F.4th 177, 189 (4th Cir. 2022) (quoting *United States ex rel. Nathan v. Takeda Pharms. N. Am., Inc.*, 707 F.3d 451, 455 (4th Cir. 2013)). Merely reciting a claim's elements "and supporting them by conclusory statements does not meet the required standard." *Sheppard v. Visitors of Va. State Univ.*, 993 F.3d 230, 234 (4th Cir. 2021) (quoting *ACA Fin. Guar. Corp. v. City of Buena Vista, Va.*, 917 F.3d 206, 212 (4th Cir. 2019)). On a Rule 12(b)(6) motion, the Court does not "does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." *Ray v. Roane*, 948 F.3d 222, 226 (4th Cir. 2020) (quoting *Tobey v. Jones*, 706 F.3d 379, 387 (4th Cir. 2013)).

"[P]ro se filings are 'h[e]ld to less stringent standards than formal pleadings drafted by lawyers.'" *Folkes v. Nelsen*, 34 F.4th 258, 272 (4th Cir. 2022) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Accordingly, the Court must construe pro se pleadings liberally. *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020), *cert. denied*, 141 S. Ct. 1376 (2021). But "liberal construction does not require [the Court] to attempt to 'discern the unexpressed intent of the plaintiff[;]'" the Court need only "determine the actual meaning of the words used in the complaint." *Williams v. Ozmint*, 716 F.3d 801, 805 (4th Cir. 2013) (quoting *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006) (en banc)). Thus, a pro se complaint "still 'must contain enough facts to state a claim for relief that is plausible on its face.'" *Thomas v. The Salvation Army S. Territory*, 841 F.3d 632, at 637 (4th Cir. 2016) (quoting *King v. Rubenstein*, 825 F.3d 206, 212, 214 (4th Cir. 2016) (quoting *Twombly*, 550 U.S. at 570)).

"Section 1981 establishes that '[a]ll persons . . . have the same right . . . to make and enforce contracts . . . as is enjoyed by white citizens.'" *Denny v. Elizabeth Arden Salons, Inc.*, 456 F.3d 427, 434 (4th Cir. 2006) (quoting 42 U.S.C. § 1981(a)). "It defines 'make and enforce contracts' to include 'the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.'" *Id.* (quoting 42 U.S.C. § 1981(b)). "To state a cause of action in a § 1981 action" not involving employment, "a plaintiff must show: (1) he . . . is a member of a racial minority; (2) the defendant intended to discriminate on the basis of race; and (3) the discrimination concerned one or more of the activities protected by the statute." *Buchanan v. Consol. Stores Corp.*, 125 F. Supp. 2d 730, 734 (D. Md. 2001). "[I]n order to satisfy [those] foundational pleading requirements[,] . . . a retail customer must allege that he was actually denied the ability to make, perform, enforce, modify, or terminate a contract, or to enjoy the fruits of a contractual relationship, by reason of race-based animus." *Baltimore-Clark v. Kinko's Inc.*, 270 F. Supp. 2d 695, 699 (D. Md. July 7, 2003) (quoting *Garrett v. Tandy Corp.*, 295 F.3d 94, 100–01 (1st Cir. 2002)); *see also Nadendla v. WakeMed*, 24 F.4th 299, 305 (4th Cir. 2022) (noting "[a] plaintiff must also show that the interference with a contractual interest would not have happened but for

*Jarvis, et al. v. Wells Fargo Bank, N.A.*
DLB-21-687
August 26, 2022
Page 3

the plaintiff's race." (citing *Comcast Corp. v. Nat'l Ass'n of African American-Owned Media*, 140 S. Ct. 1009 (2020))).

In this case, plaintiffs do not allege direct evidence of discrimination. However, plaintiffs may prove their claim through indirect evidence under the burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See, e.g.*, *Murrell v. Ocean Mecca Motel, Inc.*, 262 F.3d 253, 257 (4th Cir. 2001) (applying the burden-shifting framework to a non-employment § 1981 claim). Under that framework,

> [t]o establish a prima facie case of discrimination in a § 1981 cause of action relating to the purchase of goods or services, [a plaintiff] must establish that: (1) he is a member of a protected class; (2) he sought to enter into a contractual relationship with the defendant; (3) he met the defendant's ordinary requirements to pay for and to receive goods or services ordinarily provided by the defendant to other similarly situated customers; and (4) he was denied the opportunity to contract for goods or services [under circumstances giving rise to an inference of unlawful discrimination].

*Williams v. Staples, Inc.*, 372 F.3d 662, 667 (4th Cir. 2004); *see also Bryant v. Aiken Reg'l Med. Ctrs. Inc.*, 333 F.3d 536, 544–45, (4th Cir. 2003) (stating a plaintiff "is not required as a matter of law to point to similarly situated white comparator in order to succeed on a [§ 1981] race discrimination claim"). At the pleading stage in a discrimination lawsuit, a plaintiff is not required "to plead facts establishing a prima facie case of discrimination to survive a motion to dismiss." *McCleary-Evans v. Md. Dep't of Transp., State Hwy. Admin.*, 780 F.3d 582, 585 (4th Cir. 2015); *see Swierkiewicz v. Sorema*, 534 U.S. 506, 510–11 (2002). Still, the Court must consider the elements of a discrimination claim to discern whether the plaintiff has stated a facially plausible claim. *Iqbal*, 556 U.S. at 678; *Coleman v. Md. Ct. App.*, 626 F.3d 187, 190 (4th Cir. 2010). "[T]o survive a motion to dismiss, a plaintiff must allege facts that, if accepted as true, allow the court to draw a reasonable inference as to [the elements]." *Nadendla*, 24 F.4th at 305.

Plaintiffs have not plausibly alleged the third and fourth elements of a Section 1981 claim.

As to the third element, plaintiffs allege in conclusory fashion that they "met requirements to receive goods and services at Wells Fargo in looking to open a bank account." ECF 32, at 11. They cite no additional facts supporting this recitation of an element of the claim that would allow the Court to plausibly infer the ordinary requirements for cashing a check or opening a bank account or that they met those requirements. *See Zeno v. Chevy Chase Bank*, No. PJM-08-2236, 2009 WL 4738077, at *2 (D. Md. Dec. 4, 2009) (dismissing pro se litigants' 42 U.S.C. § 1981 claims because, in part, the plaintiffs insufficiently alleged they were qualified to receive the banking services). Plaintiffs have not adequately alleged the third element of a Section 1981 claim.

As to the fourth element, plaintiffs argue they have adequately alleged that Wells Fargo refused to open a bank account or engage in business with them under circumstances that give rise to an inference of unlawful discrimination. The alleged discriminatory circumstances are that the Wells Fargo Wheaton branch did not deny service "to White Hispanics" and "all employees at

*Jarvis, et al. v. Wells Fargo Bank, N.A.*
DLB-21-687
August 26, 2022
Page 4

Wheaton branch were white Hispanics, including the Manager who denied service to Plaintiffs[]."
*See* ECF 32, at 6–7, 11.  They also allege, in conclusory fashion, that they are similarly situated to
the "white customers (Hispanics), [and] [A]sian descent" customers.  *Id.* at 7–9.

       To satisfactorily allege denial of services under circumstances giving rise to an inference
of unlawful discrimination, a plaintiff must allege but-for causation—that race was the reason for
the denial of services, not merely a motivating factor.  *Baltimore-Clark*, 270 F. Supp. 2d at 699;
*Nadendla*, 24 F.4th at 305; *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 360 (2013)
(explaining the motivating-factor test is a "lessened causation standard" in comparison to but-for
causation).  In *Nadendla*, the Fourth Circuit affirmed dismissal of a § 1981 claim where the
plaintiff, a physician who sued a hospital that revoked her clinical privileges, made conclusory
allegations that the defendant "denied other physicians of Indian descent clinical privileges or had
a different peer review process for white physicians."  24 F.4th at 306.  The Court concluded that,
"without factual detail, [it was] unable to infer that [the defendant] intended to interfere with a
contractual interest of [the plaintiff] on the basis of race."  *Id.*

       This case is similar to *Nadendla*.  Plaintiffs' conclusory allegations that white Hispanic and
Asian customers were granted services that plaintiffs were denied is unsupported by any specific
allegations.  For example, plaintiffs do not allege that the other non-Black people in the bank were,
like plaintiffs, customers without a Wells Fargo account attempting to cash a check or open a bank
account.  Without any specific allegations about the transactions the alleged comparators were
engaged in, the Court cannot plausibly infer that race—and not some other factor—was the reason
plaintiffs were denied services.  *See, e.g.*, *Lemon v. Myers Bigel, P.A.*, 985 F.3d 392, 400 (4th Cir.
2021) (affirming dismissal of a 42 U.S.C. § 1981 claim because the allegations "indicate[d] only
that [the plaintiff] was treated differently, not that she was treated differently *because of* her race").

       Nor can the Court infer the denial of services at the Wheaton branch was because of
plaintiffs' race simply because the Wells Fargo branch in Bethesda subsequently opened an
account with the check rejected by the Wheaton branch.  ECF 32, at 5.  Even accepting this
apparently inconsistent position across Wells Fargo branches as true, the Court cannot plausibly
infer from this additional allegation that the reason the Wheaton branch refused to cash their check
or open a bank account was because of their race.

       Mr. Jarvis and his mother's allegations of race-based discrimination by Wells Fargo are
speculative and conclusory.  They do not meet the Rule 8 pleadings standards or survive a Rule
12(b)(6) motion.  Accordingly, Wells Fargo's motion to dismiss, ECF 33, is granted, and plaintiffs'
claim under § 1981 is dismissed with prejudice.[1]

---

[1] Plaintiffs attached two affidavits to their opposition to the motion to dismiss.  ECF 36-1, 36-2.
As the Court explained, "[a]n opposition is not a proper vehicle for amending a complaint."
*Whitten v. Apria Healthcare Grp., Inc.*, No. PWG-14-3193, 2015 WL 2227928, at *7 (D. Md. May
11, 2015) (citing *Saunders v. Putnam Am. Gov't Income Fund*, No. JFM-04-560, 2006 WL
1888906, at *2 n.2 (D. Md. July 7, 2006)).  Even if the Court considered the affidavits, they would
not cure any of the deficiencies in the second amended complaint.

*Jarvis, et al. v. Wells Fargo Bank, N.A.*
DLB-21-687
August 26, 2022
Page 5

      Although informal, this letter is an Order of the Court and shall be docketed as such.  The Clerk shall mail a copy to plaintiffs and close this case.

                        Sincerely,

                        Deborah L. Boardman
                        United States District Judge